IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                **Case 2:16-cv-20276-JTF**

**ROCKEEM KWASI HENDERSON,**

      **Defendant.**

---

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS**

---

Before the Court is Defendant Rockeem Kwasi Henderson's Motion to Suppress. (Docket Entry "D.E." #106). The instant motion was referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #109). The Magistrate Judge held a hearing on the instant motion on February 25, 2019.[1] For the reason set forth herein, it is RECOMMENDED that Defendant's Motion to Suppress be DENIED.

**I. Introduction**

Henderson was indicted by a grand jury of this Court on December 20, 2016 on one count of knowingly possessing a firearm, namely a Taurus 9mm caliber pistol, in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1). (D.E. #1). On February 14, 2017, the grand jury issued a First Superseding Indictment against Henderson and co-defendant Paxton Fleming. (D.E. #19). The First Superseding Indictment added two additional charges against Henderson: (1) a robbery of the Family Dollar store at 3338 Austin Peay Highway in Memphis,

---

[1] The hearing on the instant motion consisted solely of argument from counsel; no testimony or other evidence presented to the Magistrate Judge.

1

Tennessee in violation of 18 U.S.C. § 1951 and 2; and, (2) the knowing use, carry, or brandishing of a firearm during and in relation to a crime of violence, specifically the Family Dollar robbery, in violation of 18 U.S.C. § 924(c) and 2.  On May 25, 2017, the grand jury issued a Second Superseding Indictment against Henderson and Fleming, which added two additional charges against Henderson: (1) a robbery of Brinks located at 6073 Winchester Road in Memphis, Tennessee in violation of 18 U.S.C. § 1951 and 2; and, (2) the knowing use, carry, or brandishing of a firearm during and in relation to a crime of violence, specifically the Brinks robbery, in violation of 18 U.S.C. § 924(c).  (D.E. #45).

On November 7, 2018, Henderson filed the instant Motion to Suppress.  Henderson requests suppression of "any and all evidence and the fruits thereof obtained as a result of a warrantless search of cell phone records and data" for two cell phone numbers—one from AT&T ending in -6281 ("AT&T Phone") and one from CSPIRE ending in -5972 ("CSPIRE PHONE"). The Government's Response and the hearing on the instant motion clarified that no evidence obtained from the CSPIRE Phone will be introduced in the Government's case-in-chief; on the contrary, the Government advised that the CSPIRE Phone was initially investigated by the grand jury by means of grand jury subpoena (D.E. #106 at PageID 177) and then became erroneously referenced during the discovery phase of this case when counsel for the Government provided counsel for Henderson with a draft Application for an Order Pursuant to 18 U.S.C. § 2703(d) as to the CSPIRE Phone.[2]  Counsel for the Government advised at the hearing on the instant motion that the draft Application as to the CSPIRE Phone was, as of that point, considered part of a different investigation into other criminal activity.  Counsel for the Government further advised that that draft Application has never been presented to a Magistrate Judge to date.  Counsel for

---

[2] This draft Application relating to the CSPIRE Phone is not part of the record before the Court.

the Government stated that the draft Application as to the CSPIRE Phone should not have been provided to counsel for Henderson and that, instead, the Application for an Order Pursuant to 18 U.S.C. § 2703(d) as to the AT&T Phone, (D.E. #106 at PageID 178-181), also filed at 2:17-EP-00002-dkv (D.E. #2), should have been provided to counsel for Henderson.

Once the issue pertaining to the two different phones was clarified, Defendant continued to raise two issues as to his Motion to Suppress.  First, Defendant asserts that the United States Supreme Court's holding in *Carpenter v. United States*, 138 S.Ct. 2206 (2018) required that the Government obtain a search warrant rather than a Section 2703 Order as to the AT&T Phone and that the Government obtain a search warrant rather than a grand jury subpoena as to the CSPIRE Phone.  Second, Defendant argues that the statutory provision allowing the Government to obtain information beyond subscriber/customer identification via federal grand jury subpoenas and Section 2703 orders is unconstitutional.  *See* 18 U.S.C. § 2703(c)(2).

As to whether *Carpenter* required that the Government obtain a search warrant in lieu of a Section 2703 Order or a federal grand jury subpoena, *Carpenter* was decided in June 2018, which was after the grand jury subpoena was issued as to the CSPIRE Phone and after the Section 2703 Order was entered as to the AT&T Phone.  Neither Defendant, nor the Government, nor this Court are aware of any authority stating that the requirements set forth in *Carpenter* apply retroactively.  Thus, it is RECOMMENDED that *Carpenter* does not so apply. Further, even if *Carpenter* had applied retroactively, it is RECOMMENDED that the Government possessed a good-faith belief that they were acting in accordance with the United States Constitution when they acted upon the grand jury subpoena and upon the Section 2703 Order issued by this Court such that their acquisition of this information falls within the good-

faith exception to the Fourth Amendment's warrant requirement. *United States v. Leon*, 468 U.S. 897, 913-926 (1984).

Next, Defendant argues that Section 2703(c) is unconstitutional because it allows the Government to obtain various records concerning electronic communication service or remote computing service as follow:

> **(c) Records concerning electronic communication service or remote computing service.—(1)** A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity—
>
> . . .
>
> **(B)** obtains a court order for such disclosure under subsection (d) of this section;
>
> . . .
>
> **(2)** A provider of electronic communication service or remote computing service shall disclose to a governmental entity the—
>
> **(A)** name;
>
> **(B)** address;
>
> **(C)** local and long distance telephone connection records, or records of session times and durations;
>
> **(D)** length of service (including start date) and types of service utilized;
>
> **(E)** telephone or instrument number or other subscriber number or identity, including any temporary assigned network address; and,
>
> **(F)** means and source of payment for such service (including any credit card or bank account number), of a subscriber to a customer of such service when the governmental entity uses an administrative subpoena authorized by Federal or State statute or a Federal or State grand jury or trial subpoena . . . .

18 U.S.C. § 2703(c).

Section 2703(d) further provides for the requirements for a court order under Section 2703(c):

**(d) Requirements for court order.**—A Court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. . . .

18 U.S.C. § 2703(d).

Defendant has cited no authority, and the Court is aware of none, that concludes that Section 2703(c) violates United States Constitution. Accordingly, the Magistrate Judge declines to further consider this issue and RECOMMENDS that Section 2703(c) is not unconstitutional.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Suppress be DENIED.

**DATED** this 5th day of March, 2019.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**