# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:16-cr-20276-JTF-1 |
| ROCKEEM KWASI HENDERSON, | ) |
| Defendant. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Rockeem Kwasi Henderson's Motion to Suppress, filed on November 7, 2018. (ECF No. 106.) Plaintiff United States, upon direction of this Court, filed its Response in opposition to the Motion on February 19, 2019. (ECF Nos. 110 & 112.) The Motion was referred to the Magistrate Judge, who held a hearing on the matter. (ECF Nos. 109 & 113.) On March 5, 2019, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Suppress suggesting that the Motion be denied. (ECF No. 120.) No objections were filed in response to the Report and Recommendation.

For the following reasons, the Court finds that the Magistrate's Report and Recommendation should be ADOPTED and Defendant's Motion to Suppress DENIED.

### I. FINDINGS OF FACT

The Magistrate Judge provides facts, under a section titled "Introduction", which this Court, upon review, incorporates for purposes of this Motion. The facts provided by the Magistrate are as follows:

> [Defendant] was indicted by a grand jury of this Court on December 20, 2016 on one count of knowingly possessing a firearm, namely a Taurus 9mm caliber pistol, in and affecting interstate commerce in violation of 18 U.S.C. § 922(g)(1). On February 14, 2017, the grand jury issued a First Superseding Indictment against [Defendant] and co-defendant Paxton Fleming. The First Superseding Indictment added two additional charges against [Defendant]: (1) a robbery of the Family Dollar store at 3338 Austin Peay Highway in Memphis, Tennessee in violation of 18 U.S.C. § 1951 and 2; and, (2) the knowing use, carry, or brandishing of a firearm during and in relation to a crime of violence, specifically the Family Dollar robbery, in violation of 18 U.S.C. § 924(c) and 2. On May 25, 2017, the grand jury issued a Second Superseding Indictment against Henderson and Fleming, which added two additional charges against [Defendant]: (1) a robbery of Brinks located at 6073 Winchester Road in Memphis, Tennessee in violation of 18 U.S.C. § 1951 and 2; and, (2) the knowing use, carry, or brandishing of a firearm during and in relation to a crime of violence, specifically the Brinks robbery, in violation of 18 U.S.C. § 924(c).

(ECF No. 120, 1–2 (citations omitted).)

## II.    LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the

2

*de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

### III. ANALYSIS

Generally, Plaintiff requests suppression of "any and all evidence and the fruits thereof obtained as a result of a warrantless search of cell phone records and data" for two cell phone numbers—one from AT&T ending in -6281 ("AT&T Phone") and one from CSPIRE ending in -5972 ("CSPIRE Phone"). (ECF No. 106, 1.) To support the request, Plaintiff relies on the following arguments: (i) Plaintiff's alleged failure to "produce all records obtained pursuant to a subpoena or application regarding both robberies" violates Fed. R. Crim. P 16 in a way deserving suppression of the evidence in this matter; (ii) "the Supreme Court's holding in *Carpenter v. United States*, 138 S. Ct. 2206 (2018) required that the Government obtain a search warrant rather than a Section 2703 Order as to the AT&T Phone and that the Government obtain a search warrant rather than a grand jury subpoena as to the CSPIRE Phone"; and (iii) "the statutory provision allowing the Government to obtain information beyond subscriber/customer identification via federal grand

3

jury subpoenas and Section 2703 orders is unconstitutional." (ECF No 106, 12; ECF No. 119, 22:4–23:16; ECF No. 120, 3.)

A. Discovery Violation

Implicit in the Magistrate Judge's decision is that Plaintiff did not violate Fed. R. Crim. P. 16 in a way deserving suppression of the evidence in this matter. This Court agrees. Rule 16, in relevant part, states as follows:

> **(a) Government's Disclosure**
> **(1)** *Information Subject to Disclosure*
> . . . .
> **(E)** *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16.

As found by the Magistrate, Plaintiff will not introduce evidence obtained from the CSPIRE phone in its case-in-chief; on the contrary, the Government advised that the CSPIRE Phone was erroneously referenced during the discovery phase of this case, as the draft Application regarding the CSPIRE phone was then a part of a different investigation into other criminal activity and had never been presented to a magistrate judge. (ECF No. 120, 2–3.) Moreover, since the filing of the Motion to Suppress but prior to the hearing on the Motion, Defendant was provided the Application for an Order Pursuant to 18 U.S.C. § 2703(d) as to the AT&T Phone. (ECF No. 119, 11:10–11:25.) Any delay or shortcoming regarding this discovery issue does not appear to be the product of bad-faith or to be of such a nature that the evidence should be suppressed. Accordingly, Defendant's instant argument is without merit.

B. Carpenter v. United States

The Magistrate Judge rejected Defendant's argument that *Carpenter* required the Government to obtain a search warrant in lieu of the Section 2703 Order or a federal grand jury subpoena on two grounds: (i) *Carpenter* was decided after the contested grand jury subpoena was issued as to the CSPIRE Phone and after the Section 2703 Order was entered on the AT&T Phone, but neither party provides authority stating that the requirements set forth in *Carpenter* apply retroactively; and (ii) even if *Carpenter* applied retroactively, "the Government possessed a good-faith belief that they were acting in accordance with the United States Constitution when they acted upon the grand jury subpoena and upon the Section 2703 Order." (ECF No. 120, 3–4.) The Court agrees with and ADOPTS the Magistrate's recommendation that, even if *Carpenter* applied retroactively, Plaintiff's good-faith belief operates as an exception to exclusion here.

C. Constitutionality of 18 U.S.C. § 2703

Lastly, the Magistrate Judge recommends rejecting Defendant's argument that 18 U.S.C. § 2703(c) violates the Constitution because Defendant does not cite, and the Court is not aware of, any authority standing for the proposition. (*Id.* at 5.) This Court agrees. If anything, jurisprudence supports the conclusion that, despite the fact that the Supreme Court held in *Carpenter* that obtaining cell-site location information without a warrant is a Fourth Amendment violation, this Court's finding that the police officers acted in good-faith still operates as an exception to exclusion of the evidence here. *See United States v. Williams*, No. 2:17-cr-20758-VAR-DRG, 2018 U.S. Dist. LEXIS 129639, at *7–9 (E.D. Mich. Aug. 2, 2018) (discussing and providing multiple case examples); *see also United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018). Thus, Plaintiff's instant argument is of no avail.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress.

**IT IS SO ORDERED** on this 16th day of April 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge